IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–61–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL PAUL NOHRENBERG, | |
| Defendant. | |

Before the Court is Defendant Michael Paul Nohrenberg's pro se Motion for Early Termination of Supervision. (Doc. 34.) Neither the United States nor Mr. Nohrenberg's United States Probation Officer object to his early termination. (Doc. 36.) The Motion will be granted.

## BACKGROUND

Mr. Nohrenberg was sentenced on October 19, 2022, to custodial sentence of 48 months followed by four years of supervised release after pleading guilty to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (Doc. 30.) Mr. Nohrenberg's current term of supervision commenced on or about July 18, 2024.

## DISCUSSION

Under federal law, this Court may:

1

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Nohrenberg began his 4-year term of supervised release on or about July 18, 2024, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Nohrenberg's supervised release.  Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Nohrenberg waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Mr. Nohrenberg's supervised release is obviously favorable to him and the United States does not object. (Doc. 36.) Accordingly, the Court will dispose of this matter without a hearing.

sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Nohrenberg's remaining term of supervised release. Mr. Nohrenberg would like to end supervision so that he may move to Arizona to assist his daughter and son-in-law with their catering business. It appears that Mr. Nohrenberg has done quite well while on supervision. He has maintained employment and a stable residence, and has had no known instances of noncompliance or drug use. Mr. Nohrenberg is currently classified as a Low Risk Level 1 offender. According to the Government, Mr. Nohrenberg appears well positioned to maintain a stable and law-abiding lifestyle. The Court agrees and wishes him luck.

Accordingly, IT IS ORDERED that the motion (Doc. 36) is GRANTED.

IT IS FURTHER ORDERED that Mr. Nohrenberg's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of

Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 14th day of July, 2026.

Dana L. Christensen, District Judge
United States District Court